UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
GRACIELA DONCOUSE,                                          :
:                    21-CV-2745 (JPO)
                                    Plaintiff,              :
:                    ORDER DIRECTING
                 -v-                                        :       ENTRY OF
:                 DEFAULT JUDGMENT
STRETCH HOUSE INC., *et al.*,                               :
:
                                    Defendants.             :
:
-------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

Plaintiff Graciela Doncouse ("Doncouse") brings this action against Stretch House Inc. and Argus Realty 218 LLC ("Defendants"), asserting violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-100 *et seq.* Doncouse now moves for a default judgment. (Dkt. No. 16.) For the reasons that follow, the motion is granted.

I.    **Background**

The following background facts are taken from the Complaint (Dkt. No. 1). Doncouse is a paraplegic and uses a wheelchair for mobility. (Dkt. No. 1 ¶ 11.) On or about January 7, 2021, Doncouse attempted to visit 218 West 37th Street, New York, New York, 10018 ("the premises"). (Dkt. No. 1 ¶ 12.) Stretch House Inc. is the lessee and/or operator of the premises and Argus Realty 218 LLC is the owner, lessor, and/or operator of the premises. (Dkt. No. 1 ¶¶ 6, 8.) Because of the "architectural barriers at the entrances of the store [and] a step at the

1

entrance, [Doncouse] was denied full and equal access to, and full and equal enjoyment of" the premises.  (Dkt. No. 1 ¶ 12.)

On March 31, 2021, Doncouse filed this action.  (Dkt. No. 1.)  Defendants were served on April 20, 2021, and their answers were due on May 11, 2021.  (Dkt. Nos. 8, 9.)  On July 7, 2021, Magistrate Judge Moses directed Doncouse to inform the Court whether the parties had extended Defendants' time to respond or whether Doncouse planned to request a certificate of default.  (Dkt. No. 10.)  On August 11, 2021, Doncouse filed a proposed clerk's certificate of default (Dkt. No. 13), which was issued that same day (Dkt. No. 15).  Doncouse then moved for default judgment.  (Dkt. No. 16.)

## II.     Discussion

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor."  *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quotation marks omitted).  Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."  *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).  "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability."  *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)).  A court may also "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction."  *United States v. Thomas*,

No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (quoting *Kennedy v. Medgen, Inc.*, No. 14 Civ. 5843, 2016 WL 6585812, at *5 (E.D.N.Y. Apr. 19, 2016)).

Doncouse seeks both injunctive and monetary relief, specifically requesting alterations to the premises to make them accessible to persons with disabilities and for $1,000 in compensatory damages under New York City and State law. (Dkt. No. 16.) The Court concludes that based on the well-pleaded allegations in the Complaint, Defendants' liability has been established as a matter of law and that Doncouse is entitled to the relief she seeks.

### III.   Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Doncouse is awarded judgment against Defendants and Defendants are hereby ordered to:

(1) Provide an accessible entrance and install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance;

(2) Provide signage addressing people with disabilities telling them that accessible services are provided; and

(3) Provide a safe and accessible emergency exit.

(4) The injunctive relief provided must be in accordance with city, state, and federal laws including 28 CFR Part 36, Sec. 36.304 which provides instructions for the removal of barriers in existing facilities as well as the 2010 ADA Standards for Accessible Design which provides minimum requirements for public accommodations to become readily accessible and useable by individuals with disabilities; and

(5) Doncouse is awarded one thousand dollars ($1,000) in compensatory damages based on Defendants' violation of the New York State Human Rights Law and the New York City Human Rights Law.

Pursuant to 28 C.F.R. §36.201(b), both the landlord and the tenant are a public accommodation and have full responsibility for complying with the ADA requirements. Therefore, Defendants are jointly and severally liable and this Order shall be enforceable as to all Defendants.

Defendants are directed to comply with the terms of this Order within sixty days of the entry of the Order. This Court will retain jurisdiction relating to Doncouse's attorneys' fees and any motion for fees shall be filed within ninety days of the entry of this Order.

The Clerk is directed to close the motion at Docket Number 16, to enter default judgment accordingly, and to mark this case as closed.

Doncouse is directed to mail a copy of this Order to Defendants.

SO ORDERED.

Dated: November 5, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge